IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MARK A. MUNOZ, SR. | § | |
| VS. | § | CIVIL ACTION NO. 9:19-cv-229 |
| BOBBY LUMPKIN, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Mark A. Munoz, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, against Director Bobby Lumpkin, Warden Donald Muniz, Assistant Warden Kenneth Hutto, Assistant Warden Bruce Johnson, Captain Christopher Farrell, Captain Brandie Coffman, Sergeant Naim Akbar and Chaplain Lester Fatheree. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendants have filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b). (Doc. #39.) Defendants seek dismissal of the following aspects of this lawsuit: (a) all claims for monetary damages; (b) all claims for injunctive relief against Defendants Muniz, Hutto, Johnson, Farrell, Coffman, Akbar and Fatheree and (c) all claims against Defendants in their individual capacities.

Factual Allegations

Plaintiff alleges he arrived at the Eastham Unit on September 5, 2019. When he spoke with Defendant Farrell and Major Kent, he was asked about the length of his hair. Plaintiff explained that he was Native American and that cutting his hair violated his religious beliefs. He was told that if he refused to cut his hair, he would be demoted to a more restrictive custody classification.

Plaintiff states that on September 30 he was on his way to eat when Defendant Akbar stopped and told him he had to go to the barber shop and have his hair cut. Plaintiff explained that having

his hair cut violated his religious beliefs. He alleges Defendant Akbar ordered him to return to his cell without eating. Defendant Akbar also wrote a disciplinary case against Plaintiff for refusing to cut his hair.

Later that day, Major Andrews and Defendant Johnson ordered Defendant Farrell to place Plantiff in handcuffs and take him to prehearing detention. Plaintiff states he already had his hands behind his back when Defendant Farrell threatened to slam him to the floor. Defendant Farrell took Plaintiff to prehearing detention. He then wrote a disciplinary case against Plaintiff for refusing to have his hair cut. Plaintiff states that as a result of this disciplinary case, he was placed in special cell restriction, which he describes as the most severe and restrictive punishment that can be imposed.

On October 1, Defendant Coffman found Plaintiff guilty of the disciplinary offense written against him by Defendant Akbar. Petitioner was sentenced to 40 days of recreation, commissary and cell restriction.

Defendant Coffman also found Plaintiff guilty of the disciplinary charge written against him by Defendant Farrell. The following punishment was imposed: (a) 30 days of special cell restriction and (b) forfeiture of 30 days of previously earned good conduct time credits. On October 25, Defendant Coffman added the following punishments: (a) additional special cell restriction and (b) 30 days of property restriction.

Plaintiff alleges that on September 6 he wrote a letter seeking help from Defendant Fatheree. He explained that he was a Native American. He later wrote Defendant Fatheree again, but received no response. Plaintiff states TDCJ-CID has several designated Native American Units where he would have been able to practice his religious beliefs.

Plaintiff states he was coming down the hallway on October 30 when he was stopped by Major Andrews and Defendant Johnson. When asked about his hair, Plaintiff told them about his religious beliefs. Defendant Johnson said Plaintiff could not be on his unit looking the way he did. Defendant Farrell walked up and said that this was the famous Mark Munoz who refuses to cut his

hair. Defendant Johnson ordered Defendant Farrell to take Plaintiff to prehearing detention. This led to Plaintiff being placed on special cell restriction again.

## The Motion to Dismiss

Defendants assert that RLUIPA does not authorize claims for money damages. They also contend that to the extent they are sued in their official capacity for money damages, they are entitled to immunity under the Eleventh Amendment. Further, Defendants state that RLUIPA does not authorize claims against them in their individual capacities.

All Defendants other than Defendant Lumpkin assert that the claims for injunctive relief against them should be dismissed. Plaintiff seeks injunctive relief that would allow him to grow his hair long and be confined at a unit with Native American services. These Defendants state they cannot effectuate the injunctive relief Plaintiff seeks. They state they lack the authority to change or make exceptions to TDCJ-CID's security and religious policies and to transfer Plaintiff to another unit.

Defendants also contend that as Plaintiff does not allege he has suffered a physical injury, he cannot be awarded compensatory damages. They state 42 U.S.C. § 1997e(e) bars claims for emotional or mental injury without a showing of physical injury.

## Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), the district court has the authority to dismiss an action for lack of subject matter jurisdiction based on: (1) the complaint alone, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). The court generally can decide disputed issues of material fact in order to determine whether or not it has jurisdiction. *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (3rd Cir. 2004).

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint if it fails to state a claim upon which relief may be granted. A complaint does not need detailed factual allegations, but a plaintiff must allege sufficient facts to show more than a speculative right to relief.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. A plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Analysis

*Claims for Money Damages*

Sovereign immunity bars a plaintiff who brings a lawsuit under RLUIPA from receiving money damages. *Sossamon v. Texas*, 563 U.S. 277, 280 (2011); *DeMoss v. Crain*, 636 F.3d 145, 151 (5th Cir. 2011). RLUIPA only permits claims for prospective injunctive relief. *Sossamon*, 563 U.S. at 286. In addition, the Eleventh Amendment bars claims for monetary relief against individuals sued in their official capacity under Section 1983. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). As a result, the Motion to Dismiss should be granted with respect to claims against Defendants under RLUIPA for money damages, as well as for claims for damages against Defendants in their official capacities under Section 1983.

*Individual Capacity Claims*

RLUIPA does not create a cause of action for claims against prison officials in their individual capacities. *DeMoss*, 636 F.3d at 151. As a result, claims under RLUIPA against Defendants in their individual capacities fail to state a claim upon which relief may be granted.

*Claims for Injunctive Relief*

Defendants other than Defendant Lumpkin assert they cannot provide Plaintiff with the injunctive relief he seeks. These defendants are either a warden, an assistant warden, a captain, a sergeant or a chaplain. In those positions, they are unable to change the policy regarding length of hair or determine whether the policy in place should be enforced. Nor can they transfer Plaintiff to a unit with Native American services. As these Defendants are unable to provide Plaintiff with the

injunctive relief sought, the request for injunctive relief against them should be dismissed. *Volk v. Gonzales*, No. 97-51032, 2000 WL 122381, at *1 (5th Cir. Jan. 4, 2000) (grant of declaratory or injunctive relief is not appropriate if the defendant does not have the power to take the action ordered by the district court).

*Compensatory Damages*

Title 42 U.S.C. § 1997e(e) bars a prisoner from recovering compensatory damages for emotional or mental injuries without a showing of physical injury. *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). Plaintiff seeks compensatory damages against each Defendant in the amount of $25,000. However, as Plaintiff does not allege he suffered a physical injury in connection with his constitutional claims, he is barred by Section 1997e(e) from recovering compensatory damages with respect to those claims. The request for compensatory damages should therefore be dismissed.

Recommendation

The Motion to Dismiss should be granted and the following aspects of Plaintiff's claims dismissed: (a) request for money damages for claims under RLUIPA and claims under Section 1983 against Defendants in their official capacities; (b) claims for injunctive relief against Defendants other than Defendant Lumpkin; (c) claims against Defendants in their individual capacities under RLUIPA and (d) claims for compensatory damages against Defendants in their individual capacities under Section 1983.

Objections

Objections to this Report and Recommendation must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual

findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 2nd day of August, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE