IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MARK A. MUNOZ, SR. | § | |
| VS. | § | CIVIL ACTION NO. 9:19-cv-229 |
| BOBBY LUMPKIN, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Mark A. Munoz, Sr., an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), proceeding *pro se*, brings this civil rights lawsuit pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, against Director Bobby Lumpkin, Warden Donald Muniz, Assistant Warden Kenneth Hutto, Assistant Warden Bruce Johnson, Captain Christopher Farrell, Captain Brandie Coffman, Sergeant Naim Akbar and Chaplain Lester Fatheree.[1] This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Pending before the court is a Motion for Summary Judgment filed by Defendant Lumpkin #119.).

Factual Allegations

Plaintiff alleges he arrived at the Eastham Unit on September 5, 2019. When he spoke to Defendant Farrell and Major Kent, he was asked about the length of his hair. Plaintiff told them that he was Native American and that cutting his hair violated his religious beliefs. He was told that if he refused to cut his hair, he would be demoted to a more restrictive custody classification.

Plaintiff states that on September 30 he was on his way to eat when Defendant Akbar stopped him and told him he had to go to the barber shop to have his hair cut. Plaintiff explained that having

---

[1] The court previously dismissed the following claims: (a) claims against Defendants in their individual capacities under RLUIPA; (b) claims for money damages under RLUIPA and under Section 1983 against Defendants in their official capacities; (c) claims for injunctive relief against all Defendants other than Defendant Lumpkin and (4) claims against Defendants in their individual capacities under Section 1983 (Doc. #110.).

his hair cut violated his religious beliefs. He alleges Defendant Akbar ordered him to return to his cell without eating. Defendant Akbar also wrote a disciplinary case against Plaintiff for refusing to cut his hair. Defendant Farrell subsequently wrote another disciplinary case against Plaintiff for refusing to cut his hair. Defendant Coffman found Plaintiff guilty of the disciplinary charges written against him by Defendants Akbar and Farrell.

Plaintiff states he was coming down the hallway on October 30 when he was stopped by Major Andrews and Defendant Johnson. When asked about his hair, Plaintiff explained his religious beliefs. Defendant Johnson replied by stating Plaintiff could not be on his unit looking the way he did. Defendant Farrell walked up and said that this was the famous Mark Munoz who refuses to cut his hair. Plaintiff was then taken to prehearing detention and subsequently placed on cell restriction.

## The Motion for Summary Judgment

Defendant Lumpkin asserts that the only remaining claim in this case is an official capacity claim against him under RLUIPA. Defendant Lumpkin states Plaintiff seeks an injunction allowing him to grow his hair long in accordance with his religious beliefs.

Defendant Lumpkin states that on June 1, 2022, TDCJ-CID revised its inmate grooming policy. He contends that under the revised policy, Plaintiff is permitted to grow his hair long. Defendant Lumpkin states that, as a result, this lawsuit is moot. A copy of the revised policy is attached as Exhibit A to the Motion for Summary Judgment (Doc. #119-1, pp. 2-5.)

Attached to the Motion for Summary Judgment is an affidavit from Eric Guerrero, a Deputy Division Director with TDCJ-CID. Mr. Guerrero states, in part, as follows:

> On June 1, 2022, TDCJ-CID issued Security Memorandum SM-06.16 (rev. 6) regarding inmate grooming. This policy supersedes the policy in place when Mr. Munoz filed suit and expands a male inmate's ability to grow long hair. Under SM-06.16 (rev. 6) male inmates who meet the eligibility requirements in the policy may grow long hair. Inmates who are ineligible to grow long hair are limited to (1) those with a security precaution designator for escape or attempted escape, (2) those who have been found guilty of a disciplinary offense for concealing contraband, and (3) those who have been found guilty of a disciplinary offense for refusing a valid order to allow a search of the inmate's facial or long hair within the last two years.
>
> Additionally, if an inmate escapes, attempts to escape, or attempts to conceal dangerous contraband in the inmate's hair, the inmate will be charged with the

> appropriate disciplinary code, will not be eligible to grow long hair for five years from the date of the offense, and will be disciplined in accordance with TDCJ Disciplinary Rules and Procedures for inmates.
>
> Since this policy has been issued, the policy revision has been distributed to all wardens and regional leadership and has been posted on TDCJ's website. A notice to inmates regarding the grooming policy changes, in English and Spanish, was also distributed to all wardens and regional leadership with instructions to post the notices in appropriate inmate-accessible locations.
>
> I have reviewed the classification and disciplinary records of Mr. Munoz. Under SM-06.16 (rev. 6), Mr. Munoz is eligible to grow his hair long. Additionally, under SM-06.16 (rev. 6) Mr. Munoz may wear his hair in a single braid or ponytail that is easily removable for search upon request.

(Doc. #119-2, pp. 2-3.).

<u>Standard of Review</u>

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

At the summary judgment stage of the proceedings, "[t]he moving party has the burden of proving there is no genuine [dispute] of material fact and that it is entitled to judgment as a matter of law." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246 (5th Cir. 2003); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies this burden, "the non-moving party must show that summary judgment is appropriate by setting forth specific facts showing the existence of a genuine issue concerning every component of its case." *Rivera*, 349 F.3d at 247. The nonmovant's burden at this stage "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995); *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003). A dispute about a material fact is genuine "if

the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

As summary judgment is a final adjudication on the merits, courts must apply the device cautiously. *Hulsey v. State of Tex.*, 929 F.2d 168, 170 (5th Cir. 1991). In prisoner *pro se* cases, courts must be careful to guard against premature truncation of legitimate lawsuits merely because of unskilled presentation. *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989). Summary judgment is not appropriate unless, viewing the evidence in the light most favorable to the non-moving party, no reasonable jury could return a verdict for that party. *Rubinstein v. Adm'rs of the Tulane Educ. Fund*, 218 F.3d 392, 399 (5th Cir. 2000).

Analysis

*Mootness*

A court lacks subject-matter jurisdiction where a case becomes moot. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 78-79 (2013). "A case become moot–and therefore no longer a Case or Controversy for purposes of Article III–when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, L.L.C. v. Nike, Inc.*, 568 U.S. 85, 91 (2013).

A case may become moot if subsequent events make it absolutely clear that the alleged wrongful behavior could not reasonably be expected to recur. *Friends of the Earth, Inc. v. Laidlaw Environmental Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). While the "voluntary cessation of a challenged activity does not ordinarily deprive a federal court of its power to determine its legality, court are justified in treating a voluntary governmental cessation of potentially wrong conduct with solicitude." *Turner v. Tex. Dep't of Crim. Just.*, 836 F. App'x 227, 229 (5th Cir. 2020) (citing *Sossaman v. Lone Star State of Tex.*, 560 F.3d 316, 325 (5th Cir. 2009)). "Such self-correction provides a secure foundation for a dismissal based on mootness so long as it appears genuine." *Turner*, 836 F. App'x at 229.

In similar circumstances, the United States Court of Appeals for the Fifth Circuit has found that a change in policy permitting previously forbidden conducnt rendered a claim for injunctive relief moot. In *Sossamon*, *supra*, the plaintiff challenged a policy forbidding him from participating in religious services while on cell restriction. The prison subsequently changed the policy to allow inmates subject to cell restriction to attend services. The Fifth Circuit stated that this change in policy made the plaintiff's claim for injunctive and declaratory relief moot. 560 F.3d at 325-26.

Similarly, in *Turner*, *supra*, an inmate sued TDCJ-CID claiming that policies which prevented him from always wearing a religious beard and yarmulke violated RLUIPA. While the lawsuit was pending, the policy was changed to permit inmates to wear religious beards and approved religious headgear at all times. The Fifth Circuit held that the change in policy rendered the plaintiff's claim for injunctive relief moot. 836 F. App'x at 229-30.

Further, in *Spence v. Nelson*, 533 F. App'x 368 (5th Cir. 2013), the plaintiff challenged a prison policy prohibiting inmates from receiving packages from Iran. The prison system changed the policy so as to permit inmates to receive packages from Iran. The Fifth Circuit concluded that the voluntary change in the policy complained of made the plaintiff's request for declaratory relief moot. 533 F. App'x at 371.

Mr. Guerroro's affidavit demonstrates that TDCJ-CID has changed the policy which prevented Plaintiff from growing his hair. Based on the authorities cited above, the voluntary change in policy renders Plaintiff's request for injunctive relief based on the prior policy moot.

However, in his Response (Doc. #144.) to the Motion for Summary Judgment, Plaintiff asserts his claim is broader than simply being permitted to grow his hair long. Plaintiff observes that the revised policy does not permit inmates to wear their hair in multiple braids. He states that, depending on the beliefs and traditions of certain tribes, Native Americans believe in wearing their hair in one or two braids.

Plaintiff's pleadings do not reference any request to wear his hair in multiple braids. In his Complaint, Plaintiff sought an injunction against a policy preventing inmates from wearing their hair

long and wearing their hair loose (Doc. #1, p. 8-9.). In his Memorandum of Law filed in support of his Complaint, Plaintiff states his religious beliefs provide that he may only cut his hair upon the death of a close family member (Doc. #4, p.2). In his Amended Complaint, Plaintiff makes a similar statement (Doc. #13, p. 3.).

Plaintiff's pleadings make no mention of a religious requirement to wear his hair in multiple braids. He has not been granted leave to amend his pleadings to include this claim. As this claim is not properly before the court, it does not prevent the conclusion that Plaintiff's request for injunctive relief is moot. Plaintiff is free to file a new lawsuit challenging the revised policy and raising his claim regarding multiple braids.

Finally, Plaintiff asserts his claim for injunctive relief is not moot because he also seeks the expungement of certain disciplinary convictions and restoration of the good conduct time credits lost as a result of these convictions. As set forth above, Plaintiff's request for injunctive relief is asserted against Defendant Lumpkin in his official capacity. The injunctive relief available with respect to a claim against a state official in his official capacity is limited to prospective relief. *Aguilar v. Tex. Dep't of Crim. Just,*, 160 F.3d 1052, 1054 (5th Cir. 1998); *Saltz v. Tennessee Dep't of Emp. Sec.*, 976 F.2d 966, 968 (5th Cir. 1992). Moreover, a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is the sole remedy for a prisoner's challenge to the revocation of good conduct time credits. As a result, Plaintiff is not entitled to injunctive relief with respect to his disciplinary convictions.

For the reasons set forth above, there is no genuine issue of material fact as to whether Plaintiff's request for injunctive relief allowing him to grow his hair long. Nor is there a genuine issue as to whether injunctive relief regarding his disciplinary convictions is available to Plaintiff. The Motion for Summary Judgment should therefore be granted.

*Claims for Nominal and Punitive Damages*

In his Response, Plaintiff correctly asserts that the claim for injunctive relief against Defendant Lumpkin is not the only remaining claim in this lawsuit. Proceeding pursuant to 42

U.S.C. § 1983, Plaintiff alleges Defendants violated his religious rights under the First Amendment. Plaintiff sought nominal, compensatory and punitive damages for the alleged violation. While the court previously dismissed the request for compensatory damages (Doc. #110.), the request for nominal and punitive damages has not been dismissed.

However, while Plaintiff's request for nominal and punitive damages under Section 1983 has not been dismissed, Plaintiff has failed to state a claim upon which relief may be granted under Section 1983. TDCJ-CID's grooming policy regarding length of hair does not violate the Free Exercise Clause of the First Amendment. *Longoria v. Dretke*, 507 F.3d 898, 901 (5th Cir. 2007). As a result, Plaintiff's request for nominal and punitive damages under Section 1983 should be dismissed.

## Recommendation

The Motion for Summary Judgment filed by Defendant Lumpkin should be granted. Plaintiff's request for nominal and punitive damages under Section 1983 should be dismissed for failure to state a claim upon which relief may be granted.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 16th day of August, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE