| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

MARK A. MUNOZ, SR., §
§
　　Plaintiff, §
§
versus § CIVIL ACTION NO. 9:19-CV-229
§
BOBBY LUMPKIN, et al., §
§
　　Defendants. §

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

　　Mark A. Munoz, Sr., an inmate confined at the Connally Unit of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), proceeding *pro se*, filed the above-styled lawsuit pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") against Bobby Lumpkin, Donald Muniz, Kenneth Hutto, Bruce Johnson, Christopher Farrell, Brandie Coffman, Naim Akbar and Lester Fatheree. Plaintiff challenges a TDCJ-CID policy which prohibited him from growing his hair long in accordance with his religious beliefs.

　　The court previously referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to 28 U.S.C. § 636 and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending that a motion for summary judgment filed by defendant Lumpkin be granted and that the request for nominal and punitive damages under Section 1983 be dismissed for failure to state a claim upon which relief may be granted.

　　The court has received the Report and Recommendation, along with the record, pleadings, and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

At the time the motion for summary judgment was filed, the remaining claims in this case were: (1) a claim for injunctive relief against Defendant Lumpkin under RLUIPA and (2) a request for nominal and punitive damages under Section 1983. In his pleadings, plaintiff sought an injunction against a policy which prevented inmates from wearing their hair long. Based on a revised policy adopted on June 1, 2022, which generally permitted inmates to grow long hair and wear it in a single braid or ponytail, the magistrate judge concluded plaintiff's claim for injunctive relief was moot. In addition, relying on *Longoria v. Dretke*, 507 F.3d 898, 901 (5th Cir. 2007), the magistrate judge concluded that as even the original grooming policy did not violate the First Amendment, the request for nominal and punitive damages under Section 1983 failed to state a claim upon which relief may be granted.

Plaintiff's objections focus on his claim for injunctive relief under RLUIPA. The revised policy does not permit inmates to wear their hair in multiple braids. In his objections, plaintiff asserts that his pleadings make reference to a religious requirement for him to wear his hair in multiple braids. A careful review of the pleadings reveals this assertion is incorrect. In his complaint (#1), the memorandum filed in support of his complaint (#4) and his amended complaint (#13), plaintiff stated he sought an injunction which permitted him to grow his hair without restriction on length and allowed him to wear his hair loose or in a braid. No mention was made of a religious need to wear his hair in multiple braids. Plaintiff has never sought leave to amend his complaint to include a claim involving a religious need to wear his hair in multiple braids. As a result, the magistrate judge correctly concluded that the revised policy rendered plaintiff's claim for injunctive relief moot.

## ORDER

Accordingly, the objections filed by plaintiff in this matter (#153) are **OVERRULED**. The findings of fact and conclusions of law set forth in the report of the magistrate judge (#150) are correct, and the report of the magistrate judge is **ADOPTED**. The motion for summary judgment (#119) is **GRANTED**. The request for nominal and punitive damages under Section 1983 is

**DISMISSED** for failing to state a claim upon which relief may be granted. A final judgment shall be entered dismissing this lawsuit.

SIGNED at Beaumont, Texas, this 12th day of September, 2023.

                                                MARCIA A. CRONE
                                          UNITED STATES DISTRICT JUDGE